UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM LUTJENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV1059 CEJ |
| ) | |
| HOLTZMAN ENTERPRISES, INC. ) | |
| d/b/a Great Clips, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged employment discrimination. Attached to the complaint is a notice of right to sue issued by the Equal Employment Opportunity Commission on October 16, 2008. Plaintiff filed this lawsuit on July 6, 2009.

A plaintiff in a Title VII action has ninety days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action can result in dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period in this case elapsed on approximately January 14, 2009. Plaintiff did not file her suit until approximately six months after the ninety-day period ended. Nevertheless, the ninety-day limitation period "is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling in appropriate circumstances." Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989).

Because plaintiff is *pro se*, the Court will give her the opportunity to show cause why her complaint should not be dismissed as time-barred. In her response, plaintiff should set forth the reasons for her failure to file the complaint within the ninety-day limitations period and all other reasons for excusing the late filing of her complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] is **granted.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing, why the complaint should not be dismissed as time-barred. The plaintiff's response must be filed not later than **August 11, 2009.**

Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Dated this 21st day of July, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE