UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIM LUTJENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1059 CEJ |
| | ) | |
| HOLTZMAN ENTERPRISES, INC. | ) | |
| d/b/a Great Clips, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's response to the order directing her to show cause why this action should not be dismissed as time-barred.

On July 21, 2009, the Court determined that plaintiff's complaint was untimely as it was filed more than ninety days after she received a notice of right to sue from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f) (requiring that a civil action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, be filed within ninety days of receipt of right to sue notice). Plaintiff was given the opportunity to explain the reason(s) for the late filing of the complaint so that the Court could determine whether the 90-day limitations period should be tolled for equitable reasons.

The doctrine of equitable tolling "does not apply to 'garden variety' claims of excusable neglect and should be invoked only in exceptional circumstances." T.L. ex rel. Ingram v. United States, 443 F.3d 956, 964 (8th Cir. 2006) (citation omitted). "The burden is on the party claiming the benefit of the exception to the statute of limitations to show that he or she is entitled to it." Id.

In her response to the show-cause order, plaintiff states that she has had medical problems, including hypertension, diabetes, and trouble "getting over a cold." She further describes the difficulties she encountered in her attempts to obtain medical insurance coverage and unemployment benefits. In the remainder of the response plaintiff describes her financial hardship and her efforts to communicate with her former employer. Plaintiff does not contend that any of the circumstances described in her response impeded or in any way affected her ability to file the complaint before the deadline. None of these circumstances qualify as "exceptional circumstances" that would justify equitable tolling. Therefore, this action will be dismissed as time-barred. 28 U.S.C. § 1915(e); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) (dismissal under 28 U.S.C. § 1915(e) appropriate if the statute of limitations has run).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [#4] is **denied** as moot.

Dated this 30th day of July, 2009.

```
                                        _____
                                        CAROL E. JACKSON
                                        UNITED STATES DISTRICT JUDGE
```